### In the Matter of Douglas R. DENMURE, Respondent.

### No. 15S00–0906–DI–257.

Supreme Court of Indiana.

June 29, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A client ("Client") hired Respondent to help him administer the probate estate of his mother ("Mother"). The will named Client and his sister as co-executors and provided the estate (with the exception of one item) would go equally to Mother's five surviving children. The only estate asset of significant value was Mother's modest home, which was subject to a small first mortgage and a sizeable second mortgage in favor of Client, who had provided assistance to Mother in the years prior to her death.

As an alternative to selling the home through a probate sale, Respondent suggested that the property be transferred from the estate to the five siblings by affidavit. The other four siblings would then transfer their interests to Client by quitclaim deed, and Client would sell the property and distribute the net proceeds equally to all the siblings. Respondent prepared the affidavit and quitclaim deed and gave them to Client. When Client returned the documents with signatures, Respondent notarized the signatures even though he had not witnessed them. The Commission does not allege Respondent believed or suspected that the signatures were not genuine.

Facts in mitigation are Respondent's cooperation with the Commission and lack of prior discipline.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree the appropriate sanction is a public reprimand. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline and imposes **a public reprimand.** The costs of this proceeding are assessed against Respondent.

**610**

All Justices concur, except DICKSON, J., who dissents, believing the nature of the misconduct requires a more severe sanction.